# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:08cr430 |
| | : | |
| v. | : | **(Judge Munley)** |
| | : | |
| **CARL TYNDALE,** | : | |
|       **Defendant** | : | |

## MEMORANDUM & ORDER

**AND NOW**, to wit, this 10th day of February 2012, before the court for disposition is Petitioner Carl Tyndale's "Emergency Motion to Reduce Sentence re Amendment 750 Crack Cocaine Offense - 18:3582." (Doc. 93). Petitioner Carl Tyndale ("Tyndale") argues that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission and moves for a sentence reduction under 18 U.S.C. § 3582 ("Section 3582").

On April 16, 2009, Tyndale pled guilty to Count II of an indictment, charging him with possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(1). (Doc. 35). This was a binding plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), stating that "[t]he defendant and the government agree that the appropriate sentence for the offense is sixty-three (63) month term of imprisonment to be followed by a three year term of supervised release." (Plea Agreem. ¶ 9 (Doc. 33)).

This court deferred ruling on the plea agreement until a Pre-Sentence Investigation Report was conducted. (Change of Plea Tr. at 18, L. 8 (Doc. 99)). The completed Report indicated that Tyndale faced a Sentencing Guideline range of 57 to 71 months, based on his total offense level of 23 and a category 3 criminal history. (Sent. Tr. at 2, L. 21-25 (Doc.

85)).  Thus, the parties' stipulated sentence of 63 months was in the middle of the then applicable Sentencing Guideline range.

On August 4, 2009, this court accepted Tyndale's plea agreement and imposed a sentence of 63 months after considering the Pre-Sentence Investigation Report, the seriousness of the charges, Tyndale and his attorney's statements and the binding plea agreement.  (Id. at 5 L. 19; 6, L. 8).

On November 1, 2007, the United States Sentencing Commission amended the Federal Sentencing Guidelines to lower the applicable guideline range for offenses involving "crack cocaine."   In December 2007, the United States Sentencing Commission promulgated an amendment, which authorizes a court to reduce a previously imposed term of imprisonment pursuant to Section 3582(c)(2) in cases involving crack cocaine offenses where the applicable guideline range has been lowered.

On October 5, 2011, Tyndale filed the instant motion to reduce his sentence pursuant to the amended crack cocaine guidelines.  (Doc. 93).  On October 19, 2011, the Government filed a brief in opposition to the motion. (Doc. 95).  It asserts that the amended guidelines are inapplicable to Tyndale's sentence because he was sentenced pursuant to a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C) and the agreement was not based on a particular Guideline range.  The government also contends that the Pre-Sentence Investigation Report, providing a calculation of the applicable Guideline range, was created after the parties entered into the plea agreement.

Under Section 3582(c)(2), a district court may modify a term of imprisonment under a limited number of circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In Freeman v. United States, the Supreme Court addressed the issue of whether defendants who enter into a plea agreement that recommends a particular sentence as a condition of the guilty plea may be eligible for relief under Section 3582(c)(2). 131 S. Ct. 2685, 2690 (2011). A four-justice plurality found, "[e]ven when a defendant enters into a [Rule] 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." Id. at 2695 (plurality opinion).

Justice Sotomayor, concurring in judgment, set forth a different reasoning. She found that sentences following Rule 11(c)(1)(C) agreements ("C agreements") are based on the agreements rather than a Guideline range. Id. at 2696 (Sotomayor, J., concurring). The fact that the district court uses "the Guidelines as a yardstick in deciding whether to accept a (C) agreement does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range." Id. She also added that the mere fact that the parties may consider or reference the applicable Guidelines during the negotiation of a

plea agreement does not mean that the Guidelines were used to establish a term of imprisonment. Id. at 2698.

Justice Sotomayor found that a limited number of defendants, those who had C agreements expressly "based on" a Guideline range, are eligible for a reduction under Section 3582(c)(2). Id. at 2695. The district court must determine whether the range serves as "the basis or foundation for the term of imprisonment." Id. Justice Sotomayor's concurrence is the narrowest grounds for the decision and is therefore the controlling holding.[1]

Justice Sotomayor provided two instances where a defendant's sentence imposed pursuant to a C agreement would be eligible for a reduction under Section 3582(c)(2). First, when the parties agree that a specific Guideline range is the appropriate disposition of the case and the court sentences the defendant according to that range. Id. at 2697. Second, when the plea agreement provides a specific term of imprisonment, such as a number of months, and makes clear that the term is based on the Sentencing Guideline range applicable to the offense to

---

[1] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" Marks v. U.S., 430 U.S. 188 (1977) (citation omitted). Justice Sotomayor's concurrence is the narrowest holding in comparison to the plurality's reasoning. Other courts have also found Justice Sotomayor's opinion to be the controlling opinion. U.S. v. Keith, No. 04-354, 2012 WL 253103, at *2 (E.D. Pa. Jan 26, 2012); U.S. v. Ware, No. 08-625-01, 2012 WL 38937, at *7 (E.D. Pa. Jan 9, 2012); U.S. v. Darby, No. 06-220-1, 2012 WL 74966, at *3 n.4 (E.D. Pa. Jan. 6, 2012); U.S. v. Brown, 653 F.3d 337, 340 n.1 (4th Cir. 2011); U.S. v. Rivera-Martinez, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011); U.S. v. Smith, 658 F.3d 608, 611 (6th Cir. 2011); U.S. v. Taylor, 427 F. App'x 468, 469 (6th Cir. 2011).

which the defendant pleaded.  Id.  Therefore, under Justice Sotomayor's reasoning, if it is evident from the plea agreement that the parties intended to base the term of imprisonment on the Guidelines, then the defendant's term is eligible for a reduction.  Id. at 2697-98.

In the instant case, Tyndale argues that his term of imprisonment, 63 months, was based on the applicable Sentencing Guideline range of 57 to 71 months, as it falls directly in the middle of the range.  He highlighted all of the references to the Sentencing Guidelines contained in the plea agreement and made during the sentencing hearing.  Tyndale argues that he is eligible for a sentence reduction and credit for time served.

After examining the plea agreement in light of Justice Sotomayor's concurring opinion in Freeman, we find that Tyndale's term of imprisonment was not expressly based on the Sentencing Guidelines.  The relevant portion of the plea agreement which imposes the term of imprisonment states, "[t]he defendant and the government agree that the appropriate sentence for the offense is a sixty-three (63) month term of imprisonment to be followed by a three year term of supervised release." (Plea Agreem. ¶ 9 (Doc. 33)).  There is no indication that Tyndale's sentence was expressly based on a Guideline range.  Therefore, we find that his sentence is not eligible for a reduction.

Tyndale suggests that his sentence falls within one of the instances provided in Justice Sotomayor's concurrence–the specific number of months in the plea agreement was based on the Sentencing Guideline range applicable to the offense to which the defendant pleaded guilty. Freeman, 131 S. Ct. at 2697 (Sotomayor, J., concurring).  He cites the introductory paragraph of the plea agreement, which states, "[t]he

defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty." (Plea Agreem. ¶ 1(Doc. 33)).  However, the plea agreement did not include the applicable Sentencing Guideline range for Tyndale's offense, a drug quantity, his offense level or the criminal history category. Furthermore, as argued by the Government, the Pre-Sentence Investigation Report was not conducted until after the parties entered into the plea agreement.  Therefore, the court finds that Tyndale's sentence could not have been based on the Guidelines absent the applicable range or the essential components needed to calculate that range.  Accordingly, the narrow exception found in Justice Sotomayor's concurrence does not apply to the instant case.

Tyndale also argues that his stipulated sentence of 63 months falls in the middle of the applicable Sentencing Guideline range of 57 to 71 months and therefore must have been based on that range.  However, this correlation alone, without any evidence that the parties intended to have the court impose a sentence directly in the middle of the range applicable to Tyndale's offense, is not enough to warrant a finding that the Guidelines were the basis or foundation for his sentence.  As explained by Justice Sotomayor, even if the parties consulted or reference the applicable Guideline range in negotiating a plea agreement, it does not mean that the term of imprisonment was based on the Guidelines.  Freeman, 131 S.Ct. at 2697 (Sotomayor, J., concurring).  Therefore, while the parties may have considered the Guidelines in arriving at a term of imprisonment in the

middle of the range, there is no evidence of the parties method or their intention to based the term on the Guidelines.

Tyndale also cites portions of the sentencing transcript where both the Government and Tyndale's attorney indicate that the sentence falls in the middle of the applicable Sentencing Guideline. Again, neither party explains that this was their intention in agreeing upon the 63 month imprisonment. Other than reviewing the relevant transcripts, this court will decline to search through the record for some indication that the parties discussed the Sentencing Guidelines, as the main focus of our analysis is the language in the plea agreement. Id. at 2697 ("I therefore cannot agree with Freeman that § 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history in search of a Guidelines sentencing range that might have been relevant to the agreement or the court's acceptance of it."). Based on the agreement, the court finds that Tyndale's sentence was not expressly based on the Guidelines.

Finally, we reject Tyndale's argument concerning the other minor references to Sentencing Guidelines in the plea agreement. Those references pertain to the sentencing hearing where the court would apply its own independent analysis. (Plea Agreem. ¶¶ 1B, 9). The fact that the court evaluated the sentence in light of the Guidelines is irrelevant. Justice Sotomayor found that the sentence imposed following a plea agreement is based on the agreement rather than the district court's consideration of the Sentencing Guidelines. Freeman, 131 S. Ct. at 2696 (Sotomayor, J., concurring). Likewise, the portion of the plea agreement that addresses

Tyndale's three-level reduction for accepting responsibility of the offense falls under the court's analysis.[2]

As Tyndale's sentence was not based on an amended Sentencing Guideline range, the court finds that he is not eligible for a sentence reduction. Accordingly, Tyndale's motion under Section 3582(c)(2) to reduce his sentence (Doc. 93) is **DENIED.**

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**

---

[2] The section of the plea agreement regarding the three-level reduction states, "[t]he failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement." (Plea Agreem. ¶ 8 (Doc. 33)). Therefore, our possible rejection of the reduction would not have altered the plea agreement between the parties and is not evidence that the plea agreement was based on the Guidelines. See also Keith, 2012 WL 253103, at *3 (finding that the plea agreement was not based on the sentencing guidelines even though the plea agreement included a three-level reduction in his offense level for acceptance of responsibility).